UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GABRIEL MUTAMBO KALEMBO,<br><br>                    Defendant. | CASE NO. 2:24-cr-00018-LK<br><br>ORDER DENYING IN PART AND DEFERRING IN PART REQUEST FOR TRAVEL |

This matter comes before the Court on Defendant Gabriel Mutambo Kalembo's Sixth Motion to Travel. Dkt. No. 22. The Government opposes the request. Dkt. No. 25.

## I.    BACKGROUND

Mr. Kalembo pleaded guilty to a money laundering conspiracy in August of 2021 in the United States District Court for the Northern District of Georgia. Dkt. No. 2-2 at 1. He was sentenced to fifty months in prison followed by three years of supervised release. *Id.* at 2–3. One of his special conditions of supervision requires that he "must not incur new credit charges, or open additional lines of credit without the approval of the probation officer." *Id.* at 5. Probation jurisdiction was transferred to this Court in January 2024. Dkt. No. 1.

Prior to his August 2021 conviction, Mr. Kalembo was convicted of conspiring to commit wire and bank fraud. Dkt. No. 25 at 2 (citing Presentence Report). While on supervision for this conviction, he committed additional fraud, resulting in his conviction for Money Laundering Conspiracy over which this Court has probation jurisdiction. *Id.*; Dkt. No. 2 at 1, 21.

While under this Court's jurisdiction, Mr. Kalembo has requested to travel five separate times, Dkt Nos. 8, 10, 15, 17, 19, which the Court has substantially granted, Dkt. Nos. 9, 11, 16, 18, 20. On September 25, 2025, the Court received a Report from the United States Probation Office stating that "a routine check of Mr. Kalembo's credit" revealed lines of credit that had been opened without permission from the Probation Office. Dkt. No. 21 at 1. While Mr. Kalembo "stated he believed he received approval" for two lines of credit for auto loans—a statement which has not been substantiated—he denied acquiring a Credit One credit card. *Id.* Despite being given time to do so, Mr. Kalembo has not provided sufficient evidence to his probation officer of his claim that he did not obtain the Credit One credit card. *Id.* Mr. Kalembo previously acquired two student loans without permission, for a total of five loans/lines of credit opened without Probation's permission. *Id.* at 1–2.

The Probation Office recommended that the Court endorse a reprimand of Mr. Kalembo for opening lines of credit without permission. *Id.* Probation's report noted that the Government "d[id] not concur" with that recommendation "given the nature of the instant offense" and believed that "Mr. Kalembo is being deceitful about his claim that he did not open a line of credit with Credit One Bank." *Id.* The Court ordered the Government to file a response to the recommendation, and ordered Mr. Kalembo to file a reply by October 7, 2025. On September 26, 2025, the day after the Court's order, Mr. Kalembo filed this motion to travel. Dkt. No. 22. The motion is noted for consideration on October 8, 2025. *Id.*

## II.  DISCUSSION

Mr. Kalembo "works with the Zambian U17 Men's Soccer Team," and requests permission to travel to Zambia from October 5, 2025 to October 18, 2025; to Spain from October 19, 2025 to October 27, 2025; and to Qatar from October 28, 2025 to November 27, 2025. *Id.* at 1. The requested travel is for Mr. Kalembo to "serve as the team manager as his team prepares for and competes in the FIFA U-17 Men's World Cup in Qatar." *Id.* at 2. Mr. Kalembo notes that his request is opposed by both the Government and Probation, but argues that the Court "should nonetheless grant this motion" because the "allegations date from nearly one year ago and earlier" and "[t]here is no suggestion that [his] finances suggest any wrongdoing or even fiscal irresponsibility." *Id.* He adds that "the unresolved question of the credit card should not be used against him and his ability to engage in meaningful work" given that supervised release is supposed to ease a defendant's transition into the community or provide rehabilitation. *Id.*

The Government opposes the request because, "[a]t a minimum, Kalembo's Credit One account deserves further investigation and scrutiny" and Mr. Kalembo's conditions of supervised release require him to "provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information." Dkt. No. 25 at 4. The Government requests that Probation and the Court "exercise their authority to investigate whether Kalembo opened a Credit One account and then lied to Probation about having done so" in light of "extremely unusual" activity related to that card. *Id.* at 3–4.

A district court has broad discretion to modify conditions of supervised release. *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). After considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the district court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of

Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]" 18 U.S.C. § 3583(e)(2). Thus, the only requirements for Section 3583(e)(2) modification are that the district court consider the listed Section 3553(a) factors, follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), and ensure that the modified conditions are consistent with the general requirements set forth in Section 3583(d). *See United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014); *United States v. Tolliver*, No. CR20-0109-JLR, 2023 WL 3738052, at *1 n.2 (W.D. Wash. May 31, 2023).

The Court has substantially granted Mr. Kalembo's past requests, even when untimely, *see* Dkt. Nos. 9, 11, 16, 18, 20, but warned him on September 2, 2025 that "future requests for travel should be filed well in advance of travel to give the Court sufficient time to review the request," Dkt. No. 20 at 2. Mr. Kalembo filed this motion on September 26, 2025. Dkt. No. 22. It is noted for consideration on October 8, 2025, despite his first requested date of travel being October 5, 2025. He has not yet filed a reply to the motion, but the Court issues this Order today—only one day after receiving the Government's opposition brief, Dkt. No. 25, so that Mr. Kalembo can have clarity regarding whether he has permission to travel on Sunday.

Mr. Kalembo's request to travel to Zambia from October 5, 2025 to October 18, 2025 is denied as untimely. The tardiness of the motion does not allow the Court sufficient time to thoroughly consider the request or allow Probation sufficient time to gather pertinent information regarding the alleged violations. The current record suggests that Mr. Kalembo may have withheld financial information from Probation and then lied about it, which is significantly concerning to the Court given the nature and circumstances of his offenses, and in particular, the fact that he previously committed fraud while on supervised release. Dkt. No. 25 at 2.

Mr. Kalembo's request to travel to Spain from October 19, 2025 to October 27, 2025 is also denied as untimely. The request does not provide the Court with sufficient time to gather relevant information and give thorough consideration to his request.

Mr. Kalembo's request to travel to Qatar from October 28, 2025 to November 27, 2025 is deferred pending the Court's receipt and evaluation of information from Probation. The Court is particularly concerned about (1) Mr. Kalembo's representation to his probation officer that prior probation officers gave him permission to obtain the auto loans; Dkt. No. 21 at 1, (2) the circumstances surrounding the opening of the Credit One account; (3) Mr. Kalembo's suggestion to his probation officer that a "cyber incident" resulted in the opening of the Credit One account, *id.*, and (4) the nature of the transactions on all five accounts (i.e., whether there are any aberrant transactions or concerning account activity).

### III.   CONCLUSION

For the above reasons, the Court DENIES Mr. Kalembo's request for permission to travel to Zambia from October 5, 2025, to October 18, 2025, DENIES his request to travel to Spain from October 19, 2025, to October 27, 2025, and DEFERS his request to travel to Qatar from October 28, 2025, to November 27, 2025. The Court further ORDERS as follows:

1.    Probation is directed to gather pertinent information relating to Mr. Kalembo's financial accounts (specifically, the four categories of information listed above) and provide the Court with any additional relevant information as well as its position on Mr. Kalembo's remaining travel request by October 10, 2025. The Court is aware that Probation has already looked into some of these issues, but is interested in any additional pertinent information Probation may be able to obtain.

2.    The Government must file a response to Probation's report by October 17.

3.     Mr. Kalembo must file his response to Probation and the Government by October 23, 2025.

To the extent the parties are able to reach a proposed resolution of this matter prior to October 19, 2025 (and with sufficient time for the Court to review their position(s) and recommendation(s)), Mr. Kalembo may renew his request to travel to Spain.

Dated this 3rd day of October, 2025.

Lauren King
United States District Judge